UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 1:19-CR-68-LEW |
| ) | |
| MARK PIGNATELLO, ) | |
| ) | |
| Defendant ) | |

## ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

On October 23, 2019, I sentenced Defendant Mark Pignatello to a 52-month term of imprisonment following his guilty plea to Bank Fraud, Misrepresentation of Social Security Numbers, and Aggravated Identity Theft. On June 5, 2020, Mr. Pignatello filed a motion with the Court, in which motion he requests compassionate release based on his relative susceptibility to COVID-19, given his status as an individual with Type II diabetes, and given the presence of the virus in the federal correctional institution in which he is housed (FCI Danbury). Mr. Pignatello first sought early release through a petition directed to Warden Easter, who denied Mr. Pignatello's request. The United States has not filed an opposition to Mr. Pignatello's Motion for Compassionate Release.

To obtain compassionate release, an inmate who is not of advanced age must demonstrate that there are "extraordinary and compelling reasons" for release and that the request otherwise comports with § 3553 sentencing factors. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 (Sentencing Commission policy statement concerning compassionate

release).  Mr. Pignatello is not of advanced age.  Nor has he demonstrated extraordinary and compelling reasons for his release.

Uncontrolled or poorly controlled diabetes, particularly in elderly persons, is a significant risk factor for severe illness, according to the Centers for Disease Control and Prevention.  But a diagnosis of Type II diabetes, standing alone, is not an extraordinary and compelling showing.  *See*, *e.g.*, *United States v. Reed*, No. 12-CR-161, 2020 WL 3128904, at *3 (N.D. Cal. June 13, 2020); *United States v. Jeffers*, No. 13-CR-3033, 2020 WL 3100842, at *6 (N.D. Iowa June 11, 2020).  The Bureau of Prisons is treating Mr. Pignatello's diabetes and the record does not suggest the condition is out of control.  At approximately 54 years of age, Mr. Pignatello is neither a young man nor an elderly man.

Furthermore, I must consider the sentencing factors in § 3553(a).  These include "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §§ 3553(a)(1), (2)(A), (6).  Mr. Pignatello is serving a sentence that includes a mandatory minimum, two-year, consecutive sentence on Count III.  Mr. Pignatello has not yet been confined for two years.  Although this fact does not rule out compassionate release, Mr. Pignatello has not persuaded me that it is appropriate to release him at this time, given the relatively short duration of his incarceration and the significance of his crimes and criminal history.

Mr. Pignatello's Motion for Compassionate Release is DENIED.

**SO ORDERED.**

**Dated this 17th day of June, 2020.**

/s/ Lance E. Walker
**LANCE E. WALKER**
**UNITED STATES DISTRICT JUDGE**